1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11  DYLAN THOMAS BACON,                    Case No.  15-cv-04759-JCS (PR)
              Plaintiff,
12
        v.                                 **ORDER DISMISSING COMPLAINT**
13                                         **WITH LEAVE TO AMEND**
    COUNTY OF LAKE, et al.,
14
              Defendants.
15

16

17                              **INTRODUCTION**

18        Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil

19  rights action under 42 U.S.C. § 1983 in which he raises claims against his jailors at the

20  Lake County Sheriff's Department.  After reviewing his allegations pursuant to 28 U.S.C.

21  § 1915(e), the Court DISMISSES the complaint in part with leave to file an amended

22  complaint on or before March 1, 2016.[1]

23

24

25

26

27  [1] Plaintiff consented to magistrate judge jurisdiction.  (Docket No. 4.)  The magistrate
    judge, then, has jurisdiction to issue this order, even though defendants have not been
28  served or consented to magistrate judge jurisdiction.  *See Neals v. Norwood*, 59 F.3d 530,
    532 (5th Cir. 1995).

**DISCUSSION**

**A.     Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that in April 2015 Lake County Sheriff's Deputy Aaron Clark used excessive force on him.  When liberally construed, these allegations state a claim for relief. Plaintiff may simply reallege these same facts on this claim in his amended complaint.

Plaintiff appears to allege that "it took over 5 weeks" for him to receive a medical examination and treatment.  Because it is unclear whether plaintiff means to raise a claim that he received constitutionally inadequate medical care, this claim in the complaint will be dismissed with leave to file an amended complaint in which he can state such a claim.

If plaintiff wishes to raise such a claim, he must provide names of defendants and a description of the specific events that occurred.

In order to state a claim that defendants provided constitutionally inadequate medical care, plaintiff must be aware of the following. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

Plaintiff should keep the following in mind when he writes his new complaint. A plaintiff must "set forth specific facts as to each individual defendant's" actions which violated his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.*

Plaintiff's claims against Lake County and the Lake County Sheriff's Department are DISMISSED with leave to amend. Though these entities are named in the suit, plaintiff has not alleged any specific claims against them. If he wishes to raise claims against them in his amended complaint, he must provide specific details about why such

United States District Court
Northern District of California

3

entities are legally liable for any alleged wrong.

## CONCLUSION

The claims in the complaint for inadequate medical care and against Lake County and the Lake County Sheriff's Department are DISMISSED with leave to amend. **Plaintiff shall file an amended complaint on or before March 1, 2016.** The first amended complaint must include the caption and civil case number used in this order (15-4759 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. It must address all deficiencies discussed above. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his FIRST AMENDED COMPLAINT all the claims he wishes to present and all of the defendants he wishes to sue, **including the excessive force claim described above.** *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Any claims not raised in the amended complaint will be deemed waived. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** January 20, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7     DYLAN THOMAS BACON,                      Case No.  15-cv-04759-JCS
                  Plaintiff,
8
                  v.                           **CERTIFICATE OF SERVICE**
9
10    COUNTY OF LAKE, et al.,
                  Defendants.
11

12          I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13    District Court, Northern District of California.

14          That on January 20, 2016, I SERVED a true and correct copy(ies) of the attached, by
      placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
15    depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
      receptacle located in the Clerk's office.
16

17    Dylan Thomas Bacon ID: 1507557
      P.O. Box 556
18    Clearlake, CA 95422

19

20    Dated: January 20, 2016
21

22                                             Susan Y. Soong
                                               Clerk, United States District Court
23

24

25                                             By:_____
26                                             Karen Hom, Deputy Clerk to the
                                               Honorable JOSEPH C. SPERO
27

28